Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000878
27-SEP-2017
07:54 AM

NO. CAAP-16-0000878

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
AARON SOARES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1DCW-16-0001195)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Aaron Soares (Soares) appeals from the Judgment and Notice of Entry of Judgment, entered on October 27, 2016 in the District Court of the First Circuit, Honolulu Division (District Court).[1]

Soares was convicted of Assault in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a) (2014).

On appeal, Soares contends there was insufficient evidence that he intended to cause bodily harm and that the State failed to adduce sufficient evidence to negate his justification defense of self-defense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Soares' points of error as follows:

When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Matavale, 115

_____

[1] The Honorable Lanson K. Kupau presided.

Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007), there was substantial evidence to support Soares's conviction for Assault in the Third Degree.

HRS § 707-712 (1)(a) states:

> §707-712 **Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:
>
> (a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

"'Bodily injury' means physical pain, illness, or any impairment of physical condition." HRS § 707-700 (2014). The Complaining Witness (CW) testified that while he was surfing, Soares was going to run him over so he threw his board and dove under a wave. When he came out of the water Soares swam toward him. Soares came at him aggressively, punched him twice, and kicked him twice. Soares' fist and foot made contact with the CW's nose. The CW felt pain later that evening from the incident. The CW denied that he provoked Soares and did not give Soares consent to make contact with him or cause bodily injury.

Soares admitted that he "tapped" the CW in the face twice, which Soares described as less than a punch. Soares also stated that he put his foot on CW's chest to separate him from his board. Soares claimed that he acted in self defense after the CW purposely shot his board into him which caused cuts to his legs from skegs. Soares denied that he intended to cause injury to CW but felt threatened when CW intentionally shot the board at Soares's feet.

The District Court found that Soares was not credible. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (citation, internal quotation marks, and brackets omitted). Thus, based on CW's testimony, there was substantial evidence that Soares caused bodily injury to CW by punching and kicking CW in the face which caused pain.

> We are thus drawn back to the oft-repeated proposition that, given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, "we have consistently held that . . . proof by circumstantial evidence and

2

> reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient. . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."

State v. Stocker, 90 Hawai'i 85, 90, 976 P.2d 399, 406 (1999) (citation and some brackets omitted). From Soares' conduct and inferences fairly drawn from all the circumstances, there was substantial evidence that Soares intended to cause bodily injury to CW by confronting CW after nearly running him over with Soares's board and then punching and kicking the CW in the face which caused pain.

"The prosecution disproves a justification defense beyond a reasonable doubt when the trial court believes the prosecution's case and disbelieves the defendant's case." State v. Jhun, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996). The District Court did not find Soares credible, thus, it believed the prosecution's case and disbelieved Soares' self-defense claim.

Therefore,

IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on October 27, 2016 in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawai'i, September 27, 2017.

On the briefs:

Brandon K. Flores,
for Defendant-Appellant.

Justin P. Haspe,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge